# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT, LLC.** § § § | | |
| Plaintiff, § § | | |
| v. § § | **CIVIL ACTION NO. 6:16-cv-475** | |
| **HTC CORPORATION, ET AL.,** § § § | | |
| Defendants. § | | |
| | | |
| **CELLULAR COMMUNICATIONS EQUIPMENT, LLC.** § § § | | |
| Plaintiff, § § | | |
| v. § § | **CIVIL ACTION NO. 6:16-cv-476** | |
| **ZTE CORPORATION, ET AL.,** § § § | | |
| Defendants. § | | |
| **CELLULAR COMMUNICATIONS EQUIPMENT, LLC.** § § § | | |
| Plaintiff, § § | | |
| v. § § | **CIVIL ACTION NO. 6:17-cv-146** | |
| **APPLE INC.,** § § § | | |
| Defendant. § | | |

# **ORDER**

Before the Court are Cellular Communications Equipment, LLC's (CCE) Unopposed Motions to: (1) open a new civil action for proceedings against Apple Inc. ("Apple") involving U.S. Patent No. 7,941,174 that were severed from *CCE v. Apple Inc., et al.*, No. 6:14-cv-251 (the "*Apple* '174 proceedings"); (2) consolidate the newly-created action with Cause No. 6:16-cv-475

(the "*HTC* case") and Cause No. 6:16-cv-476 (the "*ZTE* case") up to (but not including) the final pretrial conference; and (3) to set a scheduling conference for the newly-consolidated action.  No. 6:16-cv-475 at Doc. No. 64; No. 6:16-cv-476 at Doc. No. 56; No. 6:17-cv-146 at Doc. No. 4.  The Court has previously granted-in-part this Motion by ordering the Clerk of the Court to open a new cause number for the *Apple* '174 proceedings.  No. 6:17-cv-146 at Doc. No. 1.  The Court is of the opinion that the remainder of this Motion should be granted.  Accordingly, the Court

**ORDERS** that the above-styled three cases be consolidated for pretrial issues.  The earliest filed civil action (6:16-cv-475) shall serve as the lead case.  The Clerk of the Court shall add the consolidated defendants to the lead case, as well as the lead and local counsel only.  Any other counsel who wishes to appear in the lead case shall file a notice of appearance in that case.  The individual cases will remain active for venue motions and trial.  Should the parties file motions to transfer or motions to sever and transfer, the Court will consider these motions only as to the defendants in the originally filed (member) cases, not as to all defendants in the pretrial consolidated case.  *See Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, 2012 WL 3307942, at *4 (E.D. Tex. 2012).  All motions, other than venue motions, shall be filed in the consolidated case.

The Court further **ORDERS** the parties to appear for a scheduling/status conference on **May 2, 2017 at 10:00 a.m**.  The parties are to submit a single up-to-date Docket Control Order <u>taken from the Court's website</u> no later than 9:00 a.m. ten days prior to the above date.[1]  The parties shall also submit a single agreed order related to the discovery and production of electronically stored information (ESI),[2] and a Protective Order.[3]  If the parties cannot agree to the terms of the

---

[1] If all parties execute a consent form and submit it and the above-referenced documents by the date outlined above, the parties will not be required to attend the scheduling/status conference.

[2] Parties may refer to Appendix B of the Local Rules (Model Order Regarding E-Discovery in Patent Cases) as a starting point.

[3] The parties may refer to the Court's website for a sample protective order.

Discovery Order, Docket Control Order, and any issues related to ESI and/or Protective Order, the parties may submit their disputes by the deadline outlined above.[4]

The following dates shall be incorporated into the Docket Control Order:

| | |
|---|---|
| **Dispositive Motion Deadline** | November 2, 2017; |
| **Dispositive Motion Hearing** | April 10, 2018 at 9:00 a.m. before Judge K. Nicole Mitchell; |
| **Pre-Trial Conference** | September 10, 2018 at 9:00 a.m. before Judge K. Nicole Mitchell; |
| **Jury Selection/Trial** | September 17, 2018 at 9:00 a.m.[5] |

In addition, if Plaintiff intends to file additional related cases, it shall file a notice indicating as such by the same deadline.

The Court further **ORDERS** as follows:

1. Unrepresented parties are bound by the requirements imposed upon counsel in this order.

2. Counsel must file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. <u>Underline the name of each corporation whose securities are publicly traded</u>. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel must promptly file an amended certificate with the clerk.

3. Absent agreement, depositions of witnesses will not be taken until after the scheduling conference. Following the conference, the Court will enter a Docket Control Order and Discovery Order establishing parameters of discovery and setting deadlines controlling disposition of the case.

4. The use of fictitious names is disfavored by federal courts. *Doe v. Blue Cross & Blue Shield*, 112 F.3d 869 (7th Cir. 1997). Notice is given that the Court will enter an order dismissing all fictitious parties, if any, following the Scheduling Conference. Dismissal is

---

[4] In the event that the parties do not believe issues regarding ESI or protective orders will arise, the parties need not submit such documents, but shall notify the Court that such orders will not be necessary.

[5] The Court has already heard argument on and construed the disputed terms of the '174 patent. No. 6:13-cv-507 at Doc. Nos. 336, 363. A *Markman* hearing and claim construction briefing are therefore unnecessary in this case.

without prejudice to take advantage of the provisions of Federal Rule of Civil Procedure 15(c).

5. Plaintiff's counsel must immediately notify the Court upon settlement.

6. Failure to comply with this order invites sanctions, including, as appropriate, dismissal of the action or default judgment and assessment of fees and costs. *See* Fed. R. Civ. P. 16(f).

So ORDERED and SIGNED this 27th day of March, 2017.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE