**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HTC CORPORATION, ET AL.,<br><br>    Defendants. | Civil Action No. 6:16-cv-00475-RWS-KNM<br><br>**CONSOLIDATED LEAD CASE**<br>JURY TRIAL DEMANDED |
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ZTE (USA), Inc., ET AL.,<br><br>    Defendants. | Civil Action No. 6:16-cv-476<br>JURY TRIAL DEMANDED |

**DEFENDANT ZTE (USA) INC., HTC CORPORATION AND HTC AMERICA, INC.'S MOTION TO STAY**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND ................................................................................................................. 1

    A. Procedural Background – This Case ............................................................................. 1

    B. Relevant Procedural History From Other Proceedings .................................................. 2

III. THIS CASE SHOULD BE STAYED PENDING RESOLUTION OF DEFENDANTS' INSTITUTED IPRS ...................................................................................... 4

    A. A Stay Will Not Unduly Prejudice CCE ........................................................................ 5

    B. The Stage of This Case Weighs in Favor of a Stay ....................................................... 6

    C. A Stay Will Simplify the Case ....................................................................................... 7

IV. CONCLUSION .................................................................................................................. 8

## TABLE OF AUTHORITIES

Cases

*3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*,
   2015 WL 179000 (E.D. Tex. Jan. 14, 2015) .................................................................... 4

*EI Du Pont De Nemours & Co. v. MacDermid Printing Solutions LLC*,
   2012 WL 2995182 (D.N.J. July 23, 2012) ...................................................................... 6

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
   2016 WL 1162162 (E.D. Tex. Mar. 23, 2016) ............................................................. 4, 6

*Ever Win Intern. Corp. v. Radioshack Corp.*,
   902 F. Supp. 2d 503 (D. Del. 2012) ................................................................................ 6

*Evolutionary Intelligence, LLC v. LivingSocial, Inc.*,
   2014 WL 213179 (N.D. Cal. Jan. 17, 2014) .................................................................... 7

*Evolutionary Intelligence, LLC v. Millennial Media, Inc.*,
   2014 WL 2738501 (N.D. Cal. June 11, 2014) ................................................................. 4

*Hill-Rom Servs., Inc. v. Stryker Corp.*,
   2012 WL 5878087 (S.D. Ind. Nov. 20, 2012) ................................................................. 6

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ........................................................................................................ 4

*MemStart Semiconductor Corp. v. AAC Techs. Pte. Ltd.*,
   2015 WL 10936046 (E.D. Tex. July 10, 2015) ............................................................... 5

*NFC Tech. LLC v. HTC Am.*,
   2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ..................................................... 4, 5, 6, 7

*SSL Services, LLC v. Cisco Sys., Inc*,
   2016 WL 3523871 (E.D. Tex. June 28, 2016) ................................................................. 7

*Studer Prof'l Audio GmbH v. Calrec Audio Ltd.*,
   2012 WL 3061495 (D.N.J. July 25, 2012) ...................................................................... 6

*Uniloc USA, Inc. et al. v. Samsung Elec. Am., Inc. et al.*,
   2:16-cv-00642-JRG slip op. (E.D. Tex. June 13, 2017) ............................................... 5, 7

*Vivint, Inc. v. Alarm.com Inc.*,
   2016 WL 4750176 (D. Utah Sept. 12, 2016) ............................................................... 4, 5

*Zillow, Inc. v. Trulia, Inc.*,
   2013 WL 5530573 (W.D. Wa. Oct. 7, 2013) ................................................................... 6

Statutes and Codes

United States Code
    Title 35, section 315(e)(2).................................................................................................... 8

## I. INTRODUCTION

Defendants ZTE (USA), Inc., HTC Corporation, and HTC America, Inc. (collectively "Defendants") hereby move to stay this case pending resolution of *inter partes* review ("IPR") proceedings involving two of the three patents asserted by Cellular Communications Equipment, LLC ("CCE" or "Plaintiff"), namely, U.S. Patent Nos. 8,385,966 ("the '966 patent") and 9,037,129 ("the '129 patent").[1]

IPRs filed by Defendants against the '966 and 129 patents have been instituted, and, if successful, will likely lead to substantial resolution of the case. Given there is a reasonable likelihood that the challenged claims of the '966 and '129 patents will be found invalid by the Patent Trial and Appeal Board ("PTAB"), granting a stay will avoid potentially duplicative and/or parallel proceedings on the issue of invalidity and the risk of inconsistent rulings. A stay will also likely result in substantial savings to the parties, conserve judicial resources, and promote efficiency. Accordingly, Defendants request their motion be granted.

## II. BACKGROUND

### A. Procedural Background – This Case

Defendants were sued by CCE in separate cases on May 31, 2016 for alleged infringement of the '966, '129, and '820 patents.[2] On March 28, 2017, this Court consolidated ZTE (USA), Inc., among others, into this case (the "Lead Case") for pretrial issues. [*See* Dkt. No. 67.]

Prior to consolidation, CCE served its infringement contentions alleging Defendants infringe one or more of claims 1-7 and 9-16 of the '966 patent, and claims 1, 4, 7, and 10 of the

---

[1] CCE originally asserted four patents in this case, including the '966 patent, the '129 patent, and U.S. Patent Nos. 8,055,820 ("the '820 patent") and 7,941,174 ("the '174 patent"). [*See* Dkt. No. 11.] The '174 patent was recently severed from this case, leaving only the '966, '129, and '820 patents remaining. [*See* Dkt. No. 135.]

[2] ZTE (USA) Inc. was sued in Cause No. 6:16-cv-476.

1

'129 patent. On May 30, 2017, Defendants filed IPR petitions challenging the validity of claims 1-17 of the '966 patent, and claims 1-20 of the '129 patent. On November 27, 2017, the PTAB instituted trials for the '966 patent and '129 patents on all challenged claims, finding that Defendants have established a reasonable likelihood that the challenged claims are invalid. [*See* Ex. A, Decision on Institution of Inter Partes Review in IPR2017-01508 ("'966 Decision") at 2; Ex. B, Decision on Institution of Inter Partes Review in Case IPR2017-01509 ("'129 Decision") at 2).]

Fact discovery in this case is ongoing, and does not close until January 16, 2018. [*See* Dkt. No. 153 at 4.] Expert discovery in this case does not start until January 22, 2018, and does not close until March 9, 2018. [*Id.*] Dispositive motions are due on March 30, 2018, and a hearing on the motions will be held on May 17, 2018. [*See* Dkt. No. 153 at 3.] The parties begin filing pretrial submissions in June 2018 through the pretrial conference on September 10, 2018, and jury selection and trial begin on September 17, 2018. [*See* Dkt. No. 153 at 1-3.]

**B.     Relevant Procedural History From Other Proceedings**

CCE has been involved in several other litigations where defendants filed motions to stay proceedings pending resolution of IPRs. Not only did CCE not oppose the motions, it joined them.

Specifically, on June 25, 2013, CCE filed suit against HTC Corporation and others in this District asserting infringement of U.S. Patent No. 7,941,174 ("the '174 patent"), among others. [*See CCE v. HTC CORPORATION, et al.*, No. 6:13-cv-507 (the "CCE 1 Case") at Dkt. No. 1.] On September 22, 2015, well over two years into the litigation, CCE joined a motion to stay all proceedings related to the '174 patent pending resolution of an IPR to "***streamline proceedings and operate as efficiently as possible***" and to "***minimize litigation discovery concerning***" the

'174 patent. [*Id*., Dkt. No 469 (emphasis added).] The Court granted the motion. [*Id*., Dkt. No. 470.]

On April 30, 2015, CCE filed suit against HTC Corporation, AT&T Corp., and others, in this District asserting infringement of U.S. Patent Nos. 8,457,676 ("the '676 patent"), 8,570,957 ("the '957 patent"), and 8,867,472 ("the '472 patent"), among others. [*See CCE v. AT&T., Inc., et al.,* No. 2:15-cv-00576-RWS-RSP and related cases (the "CCE 4 Case") at Dkt. No. 1; *see also id*., Dkt. No. 236.] On April 26, 2017, almost two years after suit was filed, the parties filed a joint motion to stay most of the litigation pending resolution of IPRs filed against the '676 patent and '472 patent. [*See id*., Dkt. No. 433.] Not only did CCE not oppose the motion on prejudice grounds despite two years of litigation, it joined the motion, which asserted, in part:

> On February 13, 2017, the PTAB instituted an inter partes review of claims . . . of the '676 patent . . . On January 31, 2017, the PTAB instituted an inter partes review of claims . . . of the '472 patent . . . Given the current status of the patents-in-suit, ***to promote the most efficient resolution of their disputes, and to otherwise obviate time consuming briefing related to a motion to stay***, the Parties have agreed to jointly request to stay the case as it relates to the '676 and '472 patents and jointly seek to modify the schedule . . . For the foregoing reasons, ***the Parties submit that good cause exists for staying all claims and issues*** pertaining to U.S. Patent Nos. 8,457,676 and 8,867,472 . . . .

[*Id*., Dkt. No. 433 at 1-2 (emphasis added).] The Court granted the motion. [*Id.* at Dkt. No. 436.]

On January 25, 2017, CCE filed suit against the same Defendants in this case (including HTC Corporation and ZTE (USA) Inc.) asserting infringement of the '676 and '472 patents, among others. [*See CCE v. HTC Corporation, et al.,* 2:17-cv-00078-RWS-RSP (the "ZTE USA Case") at Dkt. No. 1.] Here, CCE *joined* Defendants in a motion to stay proceedings related to the '676 patent and '472 patents for the same reason it joined other motions to stay: "to promote the most efficient resolution of their disputes, and to otherwise obviate time-consuming briefing

3

related to a motion to stay." [*Id*., Dkt. No. 83 at 1.]³

## III.   THIS CASE SHOULD BE STAYED PENDING RESOLUTION OF DEFENDANTS' INSTITUTED IPRS

"A district court has the inherent power to control its own docket, including the power to stay proceedings before it." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.,* 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016); *see also Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). "A stay is particularly justified when 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.'" *Ericsson*, 2016 WL 1162162, at *1 (quoting *NFC Tech. LLC v. HTC Am.*, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015)); *see also Evolutionary Intelligence, LLC v. Millennial Media, Inc.,* 2014 WL 2738501 (N.D. Cal. June 11, 2014), at *2; *3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.,* 2015 WL 179000, at *1 (E.D. Tex. Jan. 14, 2015). Because of the benefits bestowed by the IPR process, courts "have recognized that there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination proceedings" because it helps to converse party and judicial resources. *See Vivint, Inc. v. Alarm.com Inc.,* 2016 WL 4750176, at *2 (D. Utah Sept. 12, 2016).

Indeed, since the "[Federal Circuit's] decision in *Virtual Agility, [Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307 (Fed. Cir. 2014)] courts have been nearly uniform in granting motions to

---

³   CCE's refusal to join this motion is inexplicable in view of its decision to join previous motions to stay pending resolution of IPRs, including with the very same Defendants filing this motion. In short, there is no meaningful difference between the stage of these proceedings and the proceedings in the *AT&T* and *HTC* cases when the stay motions were filed, and CCE agreed to stay those cases to avoid wasting party and judicial resources. CCE has apparently decided in this case that wasting party and judicial resources pending resolution of the instituted IPRs serves some tactical or strategic advantage it has yet to explain to Defendants or this Court.

4

stay proceedings in the trial court after the PTAB has instituted *inter partes* review proceedings." *NFC Tech.,* 2015 WL 1069111, at *6 (citing cases); *see also Ericsson,* 2016 WL 1162162, at *2; *MemStart Semiconductor Corp. v. AAC Techs. Pte. Ltd.,* 2015 WL 10936046 (E.D. Tex. July 10, 2015) (Gilstrap, J.).

"District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech.,* 2015 WL 1069111 at *2. "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*[4]

As demonstrated below, each of these factors weigh heavily in favor of a stay.

### A. A Stay Will Not Unduly Prejudice CCE

No undue prejudice will result to CCE from staying this litigation. Jury selection and trial are not set to begin until September 17, 2018, almost a year from now. CCE has previously joined motions to stay in cases at similar (or even more advanced) stages of litigation. [*See* Section II. B, *supra.*] Not only did CCE not assert prejudice in those cases, it asserted there was "good cause" to stay the litigation as to certain patents pending resolution of the IPRs. [*Id.*]

---

[4] To the extent CCE argues that the '820 patent is not presently part of the instituted IPRs, a decision as to whether to institute a stay as to the entire case does not depend on whether all asserted patents or claims are subject to an IPR. *See Uniloc USA, Inc. et al. v. Samsung Elec. Am., Inc. et al.,* 2:16-cv-00642-JRG slip op. (E.D. Tex. June 13, 2017) (Gilstrap, J.) (stay granted where the PTAB only instituted review for three of the four asserted patents); *see also Vivint, Inc. v. Alarm.com Inc.,* 2016 WL 4750176, at *3 (D. Utah Sept. 12, 2016) (stay granted where only three of the six patents at issue were subject to an IPR). Indeed, this was precisely the situation in the prior cases where CCE agreed to a stay pending IPR of some but not all of the patents-in-suit.

To the extent CCE does argue that a stay would delay the timely enforcement of its patents, this interest is "present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *NFC Tech.,* 2015 WL 1069111, at *2. In addition, CCE cannot establish undue prejudice because it did not seek a preliminary injunction. *See, e.g., Studer Prof'l Audio GmbH v. Calrec Audio Ltd.,* 2012 WL 3061495, at *2-3 (D.N.J. July 25, 2012) (concluding that patentee had not shown undue prejudice because it did not seek a preliminary injunction and would "still have all of [its] legal and equitable remedies available when the stay is lifted"); *Ever Win Intern. Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 511 (D. Del. 2012) ("Plaintiff never sought a preliminary injunction, which suggests that any prejudice to Plaintiff that might result from delaying the ultimate resolution of this dispute is not as severe as it contends.").[5]

For these reasons, this factor heavily weighs in favor of a stay.

**B.     The Stage of This Case Weighs in Favor of a Stay**

In deciding whether to institute a stay pending an IPR, the Court should consider the state of the proceedings, including the diligence in filing the IPR petitions and moving to stay. *NFC Tech.,* 2015 WL 1069111 at *3. The instant facts weigh in favor of a stay.

---

[5]    *See also Hill-Rom Servs., Inc. v. Stryker Corp.,* 2012 WL 5878087, at *2 (S.D. Ind. Nov. 20, 2012) ("[A]ttempts by a patentee to argue undue prejudice are undermined if it has elected not to pursue a preliminary injunction."); *Zillow, Inc. v. Trulia, Inc.,* 2013 WL 5530573, at *6 (W.D. Wa. Oct. 7, 2013) ("It is well-established that the delay inherent in the reexamination process by itself does not constitute undue prejudice. . . . [A]ttempts by a patentee to argue undue prejudice are undermined if the patentee has elected not to pursue preliminary injunctive relief."); *EI Du Pont De Nemours & Co. v. MacDermid Printing Solutions LLC,* 2012 WL 2995182, at *4 (D.N.J. July 23, 2012) ("While the Court appreciates [the patentee's] concern that [the alleged infringer] will continue to sell its allegedly infringing product during the course of the stay, thereby further eroding [the patentee's] market share and resulting in substantial loss of profits and goodwill, the Court notes that [the patentee] did not seek a preliminary injunction in this matter.")

As noted above, CCE has previously taken the position that a stay is warranted in proceedings at similar stages of litigation. There is no meaningful difference between those cases and this case. Courts in this District have also granted motions in cases at similar or even later stages. For example, in *Ericsson*, the Court granted a stay "amid final trial preparation and within two months of the trial date." 2016 WL 1162162, at *2; *see also SSL Services, LLC v. Cisco Sys., Inc,* 2016 WL 3523871, at *2-3 (E.D. Tex. June 28, 2016) (Payne, J.) (granting a stay pending IPR where trial was only three months away and "expert discovery [was] ongoing and the deadline to file dispositive motions and motions to strike ha[d] not yet passed"). Further, Defendants diligently filed their IPR petitions within several months of CCE's service of infringement contentions. And the instant motion was filed mere weeks after institution of the IPR petitions, after Defendants promptly contacted CCE to ask if it would agree to a stay as it had in prior cases. Thus, this factor weighs heavily in favor of a stay.

  C.  **A Stay Will Simplify the Case**

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of the issues before the Court." *NFC Tech.,* 2015 WL 1069111, at *4. "[T]he PTAB's decision to institute *inter partes* review ordinarily means that there is a substantial likelihood of simplification of the district court litigation." *Id.* Here, the PTAB has instituted IPRs for two of the three remaining patents at issue in this case, virtually guaranteeing that there will be a simplification of issues. *See, e.g., Uniloc USA,* 2:16-cv-00642, at 2-3 (E.D. Tex. June 13, 2017) (Gilstrap, J.) ("[E]ven if the PTAB does not invalidate every claim on which it has instituted IPR, there is a significant likelihood that the outcome of the IPR proceedings will streamline the scope of this case to an appreciable extent."); *Evolutionary Intelligence, LLC v. LivingSocial, Inc.,* 2014 WL 213179, at *2 (N.D. Cal. Jan. 17, 2014) ("This case will be simplified if the PTO narrows or cancels *any* of

the asserted claims, even if other claims remain in their original form.") (emphasis in original). Indeed, based on recent PTO statistics, 81% of instituted IPR petitions have resulted in some or all instituted claims being found invalid.[6] And, to the extent one or more of these claims are not invalidated, the IPR proceedings will likely remove prior art references from this case under 35 U.S.C. § 315(e)(2).

Because the outcome of the IPRs will more than likely simplify the issues in this case, this factor also weighs heavily in favor of a stay.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant their motion to stay pending resolution of the IPR proceedings.

---

[6] [*See, e.g.*, Ex. C, "Trial Statistics: IPR, PGR, CBM," (September 2017) at 11, https://www.uspto.gov/sites/default/files/documents/Trial_Stats_2017-09-30.pdf (last visited December 6, 2017).]

DATED: December 20, 2017	Respectfully submitted,

                                          PILLSBURY WINTHROP SHAW PITTMAN LLP


                                      By:	*/s/ Nicole S. Cunningham*
                                              Steven A. Moore (232114)
                                              steve.moore@pillsburylaw.com
                                              Callie A. Bjurstrom (137816)
                                              callie.bjurstrom@pillsburylaw.com
                                              Nicole S. Cunningham (234390)
                                              nicole.cunningham@pillsburylaw.com
                                              Matthew R. Stephens (288223)
                                              matthew.stephens@pillsburylaw.com
                                              PILLSBURY WINTHROP SHAW PITTMAN LLP
                                              501 West Broadway, Suite 1100
                                              San Diego, CA 92101-3575
                                              619.234.5000
                                              619.236.1995

                                              *Attorneys for Defendants*
                                              *ZTE (USA) Inc., HTC Corporation, and HTC*
                                              *America, Inc.*

**CERTIFICATE OF CONFERENCE**

In compliance with Local Rule CV-7(h), the undersigned certifies that counsel for Defendants conferred with counsel for Plaintiff on November 27, 2017 regarding this motion and the basis for this motion. Plaintiff's counsel indicated that it was opposed to the motion and the parties are at an impasse on the motion.

*/s/ Nicole S. Cunningham*
Nicole S. Cunningham

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served on December 20, 2017 with a copy of this document via electronic mail pursuant to Local Rule CV-5.

*/s/ Nicole S. Cunningham*
Nicole S. Cunningham