IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, § § | | |
| *Plaintiff* § | | Case No. 6:16-CV-475-KNM |
| v. § § | | LEAD CASE |
| HTC CORPORATION, et. al., § | | |
| *Defendant* § | | |

## ORDER

Before the Court is ZTE (USA), Inc.'s, HTC Corporation's, and HTC America, Inc.'s (collectively, "Defendants") Motion to Stay. Doc. No. 154. The Court **DENIES** the Motion.

## BACKGROUND

Cellular Communications Equipment, LLC ("Plaintiff") filed a case asserting infringement of U.S. Patent Nos. 8,055,820 ("the '820 patent"), 8,385,966 ("the '966 patent"), and 9,037,129 ("the '129 patent"). Defendants petitioned for *inter partes* review ("IPR") of the '966 and '129 patents. On November 27, 2017, the Patent Trial and Appeal Board of the U.S. Patent and Trademark Office ("PTAB") issued a decision instituting IPR for claims 1-17 of the '966 Patent and claims 1-20 of the '129 Patent. Doc. No. 154-1 and 154-2.

## APPLICABLE LAW

A district court has the inherent power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *NFC Technology LLC v. HTC America, Inc.*, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015). This inherent power includes "the authority to order a stay pending conclusion of a [Patent Office ("PTO")] reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). In deciding whether to stay litigation pending PTO proceedings, courts typically consider: (1) whether the stay will unduly prejudice the nonmoving party; (3) whether the

proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set; and (3) whether the stay will likely result in simplifying the case before the court. *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) (citing *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-cv-235, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 17, 2014)); *Market–Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F.Supp.2d 486, 489 (D.Del.2013); *Soverain Software LLC v. Amazon.com*, Inc., 356 F.Supp.2d 660, 662 (E.D.Tex.2005)).

These factors are not exclusive, and, ultimately, deciding whether to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also TruePosition, Inc. v. Polaris Wireless, Inc.*, No. 12-646, 2013 WL 5701529, at *2 (D. Del. Oct. 21, 2013) (citing *SoftView LLC v. Apple, Inc.*, No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677, at *6–7 (D. Del. July 26, 2012)).

## DISCUSSION

### *(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmovant*

Defendants argue that there will be no undue prejudice from a stay pending IPR because Plaintiff has previously joined motions to stay in cases at similar or more advanced stages of litigation. Doc. No. 154 at 5.

Plaintiff argues a stay will: (1) delay the timely enforcement of its patent rights; (2) risk the loss of documentary and testimonial evidence; and (3) prejudice Plaintiff by diminishing the importance of LTE technology to jurors. Doc. No. 155 at 6-9.

Plaintiff contends that the risk of losing evidence is not merely a speculative concern, but rather an actual issue in this suit. Plaintiff points out that a large part of HTC's smartphone business

was recently sold to Google, and many HTC employees—including HTC's designated corporate representative on technical issues for this suit—are expected to leave HTC. Doc. No. 155 at 7.

Plaintiff also notes that it recently discovered that Nokia Siemens Networks, the prior owner of the asserted patents, contacted HTC about licensing the '820 patent. Doc. No. 155 at 8. Plaintiff argues that this evidence contradicts HTC's assertion that it did not have pre-suit knowledge of the patent. Doc. No. 155 at 8. Plaintiff emphasizes that HTC has yet to produce agreed-upon documents regarding HTC's pre-suit knowledge of the '820 Patent, thus indicating that "significant amounts of highly relevant information were not properly preserved and/or have been lost." Doc. No. 155 at 8.

Plaintiff also argues that a stay will prejudice it because of the "rapidly evolving nature of telecommunication technology." Doc. No. 155 at 9. Plaintiff notes that the patents-in-suit relate to LTE (4G) technology, and that the launch of 5G technology in the next two years will erode juror perception of LTE's importance. *Id.*

Defendants' argument regarding Plaintiff's amenability to previous motions to stay is irrelevant because motions to stay are considered on a case-by-case basis. *See Norman IP Holdings, LLC v. TP-Link Tech., Co.,* No. 6:13-CV-384, 2014 WL 5035718 at *2 (E.D. Tex. Oct 8, 2014).

Plaintiff's concerns regarding the timely enforcement of its patent rights are "entitled to some weight, although the Court notes that the concern is general in nature, rather than specific." *Trover Grp., Inc. v. Dedicated Micros USA,* No. 2:13-CV-1047, 2015 WL 1069179 at *2 (E.D. Tex. March 11, 2015) (Bryson, J.). Plaintiff's concerns regarding the loss of documentary and testimonial evidence are fairly specific, which warrants more weight that a general concern for the loss of evidence.

On balance this factor slightly weighs against a stay.

### (2) *whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set*

Defendants argue that they "diligently filed their IPR petitions within several months of [Plaintiff's] service of infringement contentions" in January 2017. *Id.*

Plaintiff points out that Defendants repurposed abandoned IPR petitions from previous defendants—namely LG, Sony, and Kyocera—and waited over four months after the service of infringement contentions until the statutory bar date to file those petitions. Doc. No. 155 at 3.

At the time of the filing of the motion to stay, the parties were one month away from the close of fact discovery and trial was less than a year away. Doc. No. 154 at 2. Defendants waited until a year had passed from the filing of the case and did not provide a rationale for its delay, which this District has previously found cuts against a stay. *Trover Grp.*, 2015 WL 1069179 at *3-4.

This factor weighs against a stay.

### (3) *whether the stay will likely result in simplifying the case before the court*

The most important factor considers the ability of an IPR to simplify the issues before the Court. "[T]he focus of this factor is on streamlining or obviating the trial by providing the district court with the benefit of the PTO's consideration of the validity of the patents before either the court or the jury is tasked with undertaking that same analysis." *Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1000 (Fed. Cir. 2015).

Defendants argue that since the PTAB instituted IPRs for two of the three patents-in-suit, it "virtually guarantee[s] that there will be a simplification of issues." Doc. No. 154 at 7. Defendants also note that even if one or more of the claims is not invalidated, the IPR proceedings would remove prior art references from this case due to IPR estoppel. *Id.* at 8.

Plaintiff points out that it has prevailed against Defendants in prior IPR proceedings. Doc. No. 155 at 10. Plaintiff also argues that there is a logistical burden placed on the parties and the Court when a stay is lifted. *Id.* at 11.

Plaintiff emphasizes that the requested stay should not include the '820 Patent because there is nothing to challenge its validity. *Id.* Plaintiff notes that the validity of the '820 Patent has been upheld after multiple IPR challenges and a jury trial this Court. *Id.* at 1.

Since IPR has been instituted on only two of the three patents-in-suit, this factor weighs against a stay. *See Papst Licensing GMBH & Co., KG v. Apple, Inc.,* No. 6:15-CV-1095, Doc. No. 388 at 4 (E.D. Tex. June 16, 2017) (finding that the simplification factor cut against a stay when IPRs were only instituted on four out of the five asserted patents); *Parthenon Unified Memory Architecture LLC v. HTC Corp. & HTC America, Inc.*, 2:14-CV-690, 2016 WL 3365855 at *3-4 (E.D. Tex. June 17, 2016) (finding that the simplification factor weighed against a stay because there were IPRs instituted on three of the five asserted patents); *Saint Lawrence Comm'ns LLC v. ZTE Corp.,* 2:15-CV-349, 2017 WL 3396399 at * (E.D. Tex. Jan. 17, 2017) (finding that the simplification factor weighed against a stay because only one IPR was instituted out of the five asserted patents); *Invesys Sys., Inc. v. Emerson Electric Co.,* No. 6:12-CV-799, 2014 WL 4477393 at *3 (E.D. Tex. July 25, 2014) (finding that issue simplification slightly disfavored a stay when the PTAB instituted IPRs on four of the seven asserted patents).

## CONCLUSION

Defendants have failed to demonstrate that a stay is appropriate in the case. The Court **DENIES** Defendants' Motion Stay (Doc. No. 154).

So ORDERED and SIGNED this 8th day of May, 2018.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

5